IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN "TRACY" JOSEY,<br>    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institution Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:12-CV-059-Y |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John "Tracy" Josey, TDCJ-ID #1735523, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Hughes Unit in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Procedural History

On September 14, 2011, a jury found petitioner guilty of evading arrest with a previous conviction of evading arrest in the 271st District Court of Wise County, Texas, found the enhancement allegation in the indictment true, and sentenced petitioner to 99 years' confinement. (Resp't MTD, App. A) Petitioner appealed to the Second Court of Appeals of Texas, and the appeal remains pending at this time. (*Id.*, App. B) Petitioner filed this federal petition for habeas relief in the United States District Court for the Western District of Texas, Waco Division, and the action was subsequently transferred to this division. (Pet. at 7-8) Respondent has filed a motion to dismiss the petition because petitioner has not yet exhausted his state remedies as to the claims presented. (Resp't MTD at 3-6) Petitioner objects to the requirement that he exhaust state remedies. (Pet. at 7)

## D. Exhaustion of Remedies in State Court

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*,

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the

2

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review and/or a postconviction state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010).

Petitioner's claims have not been properly exhausted in state court. His direct appeal remains pending in the intermediate state appellate court, and the Texas Court of Criminal Appeals has had no opportunity to review his claims and render a decision. Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Petitioner must first pursue his claims by way of a petition for discretionary review and/or state postconviction writ of habeas corpus. Only after his state remedies are concluded may he attack his conviction or sentence in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *Id.* Absent a showing that state remedies are inadequate, such showing not having been demonstrated, petitioner cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. § 2254;

---

right under the law of the State to raise, by any available procedure, the question presented.

*Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir. 1972). Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

## II. RECOMMENDATION

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until _____, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. In some instances, the limitations period may run from a date later than the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner is hereby cautioned to be aware of the time limitation for filing habeas corpus petitions.

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 28, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 7, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE